Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

*Attorney for Plaintiff*
Plantronics, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.

Plaintiff,

v.

CALLPOD, INC.,

Defendant.

CASE NO.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Plantronics, Inc., through its undersigned attorneys, alleges the following for its Complaint against Defendant Callpod, Inc.:

## NATURE OF ACTION

1. This is an action for declaratory judgment seeking relief of noninfringement and invalidity under the patent laws of the United States, Title 35, United States Code, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

## THE PARTIES

2. Plantronics, Inc., a publicly traded corporation listed on the New York Stock Exchange as PLT, is a Delaware corporation with its principal place of business in Santa Cruz, California.

3. Upon information and belief, Callpod, Inc. is an Illinois corporation with its principal place of business at 850 W. Jackson Boulevard #400, Chicago, Illinois, 60607.

## JURISDICTION AND VENUE

4. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5. This Court has personal jurisdiction over Callpod because, on information and belief, and for the reasons set forth below, Callpod has maintained continuous and systematic contacts with the State of California; Callpod has purposefully availed itself of the benefits and protections of the laws of the State of California; and Callpod has purposefully directed its activities at residents of this forum.

6. On information and belief, Callpod owns U.S. Patent Nos. 6,801,611; 7,707,250; 7,742,758; 7,899,445; and 7,945,624 (collectively, "the patents-in-suit"), attached as Exhibits A-E, respectively.

7. On information and belief, Callpod has been registered with the California Secretary of State to enter into repeated and successive transactions of its business in California, other than interstate or foreign commerce, since January 2011.

8. On information and belief, Callpod's co-founder and Chief Technology Officer, Craig Lurey, resides in El Dorado Hills, California, and has been designated by Callpod as its agent for service of process in the State of California.

9. Callpod admits that it has contacts and transacts business in the State of California and in this judicial district. *GN Resound A/S v. Callpod, Inc.*, No 4:11-cv-04673-SBA (N.D. Cal. Jan. 2, 2012), ECF No. 25 at ¶ 8.

10. Callpod admits that this Court has personal jurisdiction over Callpod. *Id.* ¶¶ 8-9.

11. Callpod has called upon the jurisdiction of this Court in seeking relief related to Callpod's products. *See id.* at 6-7.

12. Callpod's products are sold and marketed in California, through brick-and-mortar suppliers in this state as indicated on its website. *See* http://www.callpod.com/wheretobuy.

13. Callpod operates an interactive website through which persons in California can order products from Callpod, for shipment to California. *See* http://callpod.com/products/chargepod.

14. Callpod's ties to California are further supported by its claims that Callpod, "for its achievements in mobile conferencing, was inducted into The Tech Museum in San Jose, CA" and that it has won an INNY award from the Tech Museum for its products. *See Callpod, Inc. v. T Technology, Inc.*, No. 2:11-cv-326-JRG-RSP (E.D. Tex. July 20, 2011), ECF No. 1 at ¶ 18.

15. Callpod had retained RPX Corporation, headquartered in San Francisco, California, to assist in the sale of Callpod's patent assets, including the patents-in-suit.

16. On December 30, 2013, Callpod and Plantronics entered into a Nondisclosure Agreement, with a term of six months, whereby the Agreement is governed by the laws of the State of California and all actions "arising out of or relating to" the Agreement "shall be heard and determined exclusively by the Superior Court of the State of California for the County of San Francisco or the United States District Court for the Northern District of California located in the County of San Francisco."

17. On April 24, 2014, Callpod's CEO and purported inventor of the patents-in-suit, Mr. Darren S. Guccione, visited Plantronics in Santa Cruz, California to facilitate a business transaction related to Callpod's patent portfolio.

18. On July 7, 2014, after expiry of the Nondisclosure Agreement, Mr. Guccione sent a demand letter to Plantronics seeking $3.5 million for purchase of the patents in suit and threatened that if Plantronics did not accept this offer, the patents in suit "will be sold to a non-practicing entity" that "will, without question, file suit against Plantronics based on the legal analysis performed by Callpod's counsel." Mr. Guccione further alleged that Plantronics' alleged infringement was "willful."

19. On August 6, 2014, Mr. Guccione sent correspondence to Plantronics including an offer to license the patents and indicating that Callpod "[has] prepared a detailed complaint against Plantronics which [Callpod] will file should [Plantronics] threaten us again or should Plantronics file a DJ action against [Callpod]." Mr. Guccione again threatened that Callpod would assert "willful infringement claim(s)."

20. On August 9, 2014, Mr. Guccione sent correspondence to Plantronics that it has "a strong contingency-based law firm who has run the gauntlet on due diligence for [Callpod's] legal positions" and that "[Plantronics will] spend far more in the first year of litigation" than it would in taking a license to Callpod's patents.

21. Callpod has retained ICAP Patent Brokerage, with an office in Los Angeles, California, to sell Callpod's IP assets, including the patents-in-suit, at a sealed-bid auction on November 20, 2014, to occur in Los Angeles, California.

22. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

23. Plantronics incorporates the preceding paragraphs as if fully set forth herein.

24. In the correspondence from Mr. Guccione detailed above, Mr. Guccione made repeated threats: that Plantronics is allegedly infringing Callpod's patents; that Plantronics infringement has been willful; and that, absent purchase of the patents in suit or a license thereto, Plantronics will be sued by Callpod or a "non-practicing entity" for infringement of Callpod's patents. Such statements constitute clear and unmistakable threats of litigation against Plantronics.

25. Additionally, Callpod has brought patent infringement lawsuits against other entities, alleging infringement of the claims of the '250 and '611 Patents. *See, e.g.*, *Callpod, Inc. v. T.*

*Technology, Inc.*, No. 2:11-cv-326-JRG-RSP (E.D. Tex. July 20, 2011), ECF No. 1; *Callpod, Inc. v. GN Netcom, Inc*, No. 1:06-cv-4961 (N.D. Ill. Sept. 13, 2006), ECF No. 1.

26. Given Callpod's initiation of other litigation with respect to its patents, including the '250 and '611 Patents, and in light of Mr. Guccione's threats of litigation, it is clear that Callpod or its successor-in-interest (if any) intends to pursue patent litigation against Plantronics regarding the patents-in-suit.

27. Based on Callpod's threats and Plantronics's reasonable apprehension of being sued by Callpod, Plantronics filed petitions at the United States Patent & Trademark Office for *inter partes* review of each claim in the '250, '758, '445, and '624 Patents on October 16, 2014. The case numbers for these petitions are IPR2015-00075, IPR2015-00077, IPR2015-00078, IPR2015-0076, respectively.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

28. Plantronics incorporates the preceding paragraphs as if fully set forth herein.

29. Plantronics has not directly infringed, and does not directly infringe, any claim of the '611, '250, '758, '445, or '624 Patents.

30. Plantronics has not contributorily infringed, and does not currently contributorily infringe, any claim of the '611, '250, '758, '445, or '624 Patents.

31. Plantronics has not induced, and does not currently induce, any infringement of any claim of the '611, '250, '758, '445, or '624 Patents.

32. Plantronics is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Plantronics does not infringe any claim of the '611, '250, '758, '445, or '624 Patents.

**COUNT II**

**DECLARATORY JUDGMENT OF INVALIDITY**

1. Plantronics incorporates the preceding paragraphs as if fully set forth herein.

2. The claims of each of the '611, '250, '758, '445, or '624 Patents are invalid under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

3. Plantronics is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the claims of the ’611, ’250, ’758, ’445, or ’624 Patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plantronics respectfully requests that this Court enter judgment in its favor as follows:

(a) declare that Plantronics has not directly infringed, and does not currently directly infringe, any claim of the ’611, ’250, ’758, ’445, or ’624 Patents;

(b) declare that Plantronics has not contributorily infringed, and does not currently contributorily infringe, any claim of the ’611, ’250, ’758, ’445, or ’624 Patents;

(c) declare that Plantronics has not induced, and does not currently induce, any infringement of any claim of the ’611, ’250, ’758, ’445, or ’624 Patents;

(d) declare that the claims of the ’611, ’250, ’758, ’445, or ’624 Patents are invalid;

(e) declare this to be an exceptional case and award Plantronics its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 28 U.S.C. § 285; and

(f) award Plantronics any further and additional relief that this Court deems just and proper.

## JURY DEMAND

Plantronics requests a trial by jury on all issues so triable.

Dated: October 17, 2014

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

By: */s/ Jacob A. Schroeder*

Jacob A. Schroeder (SBN 264717)
jacob.schroeder@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone:(650) 849-6600
Facsimile: (650) 849-6666

Attorney for Plaintiffs
Plantronics, Inc.